**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2123**

HUI RONG ZHENG,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: April 27, 2018                                    Decided: May 3, 2018

Before GREGORY, Chief Judge, FLOYD, Circuit Judge, and SHEDD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Theodore N. Cox, New York, New York, for Petitioner. Chad A. Readler, Acting Assistant Attorney General, Jonathan A. Robbins, Senior Litigation Counsel, Yanal H. Yousef, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hui Rong Zheng, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's (IJ) decision denying her applications for asylum and withholding of removal.* We deny the petition for review.

The scope of our review is narrow. *Hui Pan v. Holder*, 737 F.3d 921, 926 (4th Cir. 2013). We will affirm so long as the decision is not "manifestly contrary to law." *Id.* (internal quotation marks omitted). We review administrative findings of fact and adverse credibility findings under the substantial evidence standard. *Id.* Under the substantial evidence test, affirmance is mandated "if the evidence is not so compelling that no reasonable factfinder could agree with the [Board]'s factual conclusions." *Gandziami-Mickhou v. Gonzales*, 445 F.3d 351, 354 (4th Cir. 2006) (internal quotation marks omitted). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." *Li Fang Lin v. Mukasey*, 517 F.3d 685, 691-92 (4th Cir. 2008). Because the Board did not adopt the IJ's opinion in whole or in part, our review is limited to the Board's order. *Martinez v. Holder*, 740 F.3d 902, 908 & n.1 (4th Cir. 2014).

---

* Zheng does not challenge the denial of protection under the Convention Against Torture. Accordingly, that issue is waived. *See* Federal Rules of Appellate Procedure 28(a)(8)(A); *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999); *see also Ngarurih v. Ashcroft*, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (failure to challenge denial of relief under CAT results in abandonment of that challenge).

"When an adverse credibility determination has been made, this court must assess whether the IJ or [the Board] identified non-speculative, specific, cogent reasons in support of the adverse credibility finding." *Hui Pan*, 737 F.3d at 928 (alteration and internal quotation marks omitted). "A single testimonial discrepancy, particularly when supported by other facts in the record, may be sufficient to find an applicant incredible in some circumstances." *Ilunga v. Holder*, 777 F.3d 199, 207 (4th Cir. 2015). The IJ is free to reject the applicant's explanation for a particular discrepancy. *See Dankam v. Gonzales*, 495 F.3d 113, 122 (4th Cir. 2007). We note that the Board identified several specific discrepancies and inconsistencies that are supported by the record. Accordingly, we conclude that the record does not compel a different finding concerning the adverse credibility finding.

We further conclude that substantial evidence supports the Board's conclusion that Zheng's independent evidence did not rehabilitate her testimony. *See Ilunga*, 777 F.3d at 213 (stating that, after concluding an asylum applicant lacks credibility, agency must consider whether applicant "presented adequate independent documentary evidence to establish asylum eligibility"). Zheng's claims that the IJ improperly considered whether her children joined her in her religious practice, whether her subjective fear of persecution was undermined because her United States born children were sent to China to live, and whether she could reasonably relocate in China to avoid future persecution fail because the Board did not rely on these findings to reach its decision. We have considered Zheng's remaining claims and find them to be without merit.

We therefore deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*